## IN THE UNITED STATES DISTRICT COURTFOR THE EASTERN DISTRICT

## OF TENNESSEE. AT GREENEVILLE:

**BETTY ANN JONES**

     **Plaintiff**

**VERSUS**                     **CASE NO. : _____**

**EAST TENNESSEE CHILDREN'S**
**HOSPITAL ASSOCIATION, INC.**

     **Defendant**

## COMPLAINT

1. This case arises under the **Age Discrimination in Employment Act of 1967, 29 U. S. C. §621, et seq.** and also the **Americans with Disabilities Act of 1990, 42 U. S. C §12101, et seq.**

2. Plaintiff is a citizen and resident of Greene County, Tennessee, which is within the Northeastern Division of this judicial district.

3. Defendant is a domestic corporation, with situs and principal place of business located at 2018 Clinch Avenue, Knoxville, Tennessee 37916. However, the defendant does business throughout this judicial district, including in the Northeastern Division, where plaintiff was employed by it during all material times to be referenced herein. Consequently, venue is proper in this division of this judicial district.

Defendant may be served by serving its registered agent for service of process, Ms. Catherine E. Shuck, 2018 W. Clinch Avenue, Knoxville, Tennessee 37916.

4. Plaintiff avers that she had been employed by the defendant for seventeen (17) years at its Greeneville, Tennessee location prior to her termination. She had also been employed

by the defendant's predecessor for seventeen (17) years previously, thus making her employed by the same entity, in one form or another, for a total of thirty-four (34) years.

5. During her period of employment, plaintiff was employed at various times as a radiological technologist and, thereafter, a clinical lead/radiological technologist.

6. Plaintiff avers that she had a spotless record while in the employ of defendant and its predecessor which this defendant purchased, Greeneville Pediatric Clinic. Plaintiff, further, avers that she had held her proper certification as a certified radiological technician, which said certification had never been truncated by any disciplinary action by any Federal or State agency.

7. Plaintiff avers that, beginning in July 2021, she, after having sustained a non-work related injury, was placed on restricted light to sedentary duty by her treating physician, Dr. Joseph Hurst of Watauga Orthopedic Clinic in Johnson City, Tennessee.

8, The restrictions under which plaintiff labored from that point until she went to have bilateral knee replacement surgery in two stages were as follows: she was restricted to sedentary duty, would be unable to walk for lengthy distances, and would be unable to walk for extended times, thus forcing her to forego her clinical rounds. During this period of time, she had to use a cane to assist her in walking.

9. These same restrictions as set forth in the immediately preceding numbered paragraph were in place when she had the first of two (2) knee surgeries on December 8, 2021. Plaintiff was discharged from the hospital the same day to return home for three (3) months, completely off work.

10. At that time, and because of plaintiff's inability to work, she took not only a combination of paid time off and short term disability benefits, but she was also forced by the

defendant to take FMLA leave. Thus, plaintiff avers that she was being compensated for her time off work by taking a combination of these three (3) types of leave.

Again, plaintiff not only took her disability, but was also forced by defendant to take FMLA on December 8, 2021.

11. On March 9, 2022, plaintiff underwent surgery on the other knee. Again, plaintiff had informed defendant that she would probably return to work at a point approximately ninety (90) days post-surgery on the other knee, as this was consistent with the time she was restricted totally from work due to her first surgery.

12. In response thereto, defendant, through its agent, Donna Ballinger, who at the time was its compensation and benefits specialist, remitted plaintiff a letter, dated March 10, 2022, a copy of which is attached hereto and incorporated herewith as **EXHIBIT A**.

13. Key among the items that were set forth on **EXHIBIT A** was the phrase

"…because you are still not able to work at this time and because of the needs of the hospital, your department may need to fill your position. Although you will remain an ETCH employee during your ESL period, we will not be holding a special job for you. When you are released to return to work, we will do our best to place you in an open position for which you are qualified. **IF WE ARE UNABLE TO PLACE YOU IN ANY OPEN POSITION AT THE TIME YOU ARE RELEASED TO RETURN TO WORK, YOUR EMPLOYMENT WITH ETCH WOULD END." (Emphasis added)**

14. Plaintiff was released to return to work by her treating orthopedic physician on May 31, 2022. She returned to the respondent's headquarters office in Knoxville, Tennessee.

15. When plaintiff presented herself on May 31, 2022 at set forth in the immediately preceding paragraph, she received a clearance from the company nurse allowing her to physically return to the same job (clinician/radiological technologist) that she had filled successfully for the better part of her thirty-four (34) year career with defendant and its predecessor.

3

16. The nurse who provided this clearance, one, Cheryll Collins, who was then and there an agent, servant and employee, had been designated by the letter attached herewith as **EXHIBIT A** as defendant's employee health and wellness officer.

17. However, although the defendant's health and wellness officer had cleared plaintiff to return to work, Ms. Collins directed plaintiff to see the Human Resources Department at defendant's home office where she was not seen by Tracy Long, whom she was to see upon her clearance to return to work as set forth in **EXHIBIT A,** but by Donna Ballinger who had written the letter.

18. Upon arriving at Ms. Ballinger's office, plaintiff was told that she had to reapply for the job that she had held for most of the previous thirty-four (34) years and that either a Ms. Lang or Ms. Schmidt – who, upon information and belief, were also agents, servants and employees of defendant – would contact her.

19. However, no one from defendant's office reached out to plaintiff until the following week, when Ms. Schmidt called plaintiff and said that there were "changes that needed to be made to your position." Plaintiff, after being informed of changes in her position, acquiesced to most of these changes. The changes were (a) working 8 hours a day 5 days a week instead of 8 hours a day 4 days a week; (b) plaintiff had to now work 80% on the floor and 20% at the desk instead of, at the least, 50/50; (c) she was working for the same pay and benefits, and (d) she had work under the title "Clinical Lead/LPN, instead of "Clinical Lead/Radiological Technologists." Plaintiff also had to reapply as a new employee which gave her less priority in the defendant's organization.

20. Plaintiff acquiesced to all of the above with the exception that she informed Schmidt that she was not a licensed LPN, nor any type of nurse or nursing assistant, and, as such,

could not perform the duties of a nurse or a nursing assistant such as insertion of catheters, etc., into patients. Plaintiff also informed defendant's agent that to act as an LPN would cause her to lose not only her certification as a radiological technologist, but also her license, such license being granted to her at the discretion of the Tennessee Department of Health.

21. After this interview and not having heard from the defendant, plaintiff called Ms. Schmidt on June 21, 2022. She was told by Schmidt that her position had been eliminated and was going to be filled by someone who now had an LPN. Again, plaintiff's license as a radiological technologist, a profession controlled by the Tennessee Department of Health, would have been in serious jeopardy had she performed any of the duties of an LPN.

22. On June 22, 2022 at 1:50 p.m. Schmidt stated to Jones by way of an email, "Here's the letter confirming that the company will not attempt to challenge or dispute your claim for unemployment." Plaintiff avers that this, *ipso facto*, proves that she was terminated and did not voluntarily resign. A copy of this email is attached hereto and incorporated herewith as **EXHIBIT B**.

23. Plaintiff incorporates Paragraphs 1 through 22, *supra*, of the premises to this Complaint. She avers that she was born on December 5, 1965 and that as of the date of her termination she was 56 years old, and as of the date of the filing of this Complaint, she is 57 years old. Plaintiff, further, avers that she, by her age, is included in that protected class of persons that the **Age Discrimination in Employment Act of 1967, codified at 29 U.S.C. §621, et seq.**, protects. Plaintiff, further, avers that the person or persons who replaced her, Kasey Buckner and Elizabeth Williams, are under forty (40) years of age, thus proving that, at least *prima facie*, she was terminated because of her age.

24. Plaintiff incorporates Paragraphs 1 through 22, supra, of the premises of this Complaint. Alternatively and/or cumulatively, plaintiff avers that the defendant knew or should have known that she suffers from a disability as defined by the **Americans With Disabilities Act of 1990, codified at 42 U. S. C§12101, et seq.** Specifically, plaintiff avers she suffers from a severe orthopedic malady, to wit, the trauma and post-trauma of a complete bilateral knee replacement, which qualifies as a disability under the statute. Plaintiff, further, avers that she was, in conjunction with her being discriminated as a result of age, also terminated as a result of disability discrimination.

25. Plaintiff attaches hereto and incorporates herewith as a part of **COLLECTIVE EXHIBIT C** (but without the exhibits originally attached, as copies of same are already attached as **EXHIBITS A and B** to this Complaint), her notice letter written by her attorney to the then regional director of the Nashville office of the EEOC and its regional attorney on August 5, 2022. As part of this collective **EXHIBIT C**, plaintiff also attaches hereto a determination and notice of rights letter issued on April 25, 2023 by the EEOC.

Plaintiff, therefore, avers that she has fully exhausted all of her administrative duties under the proper statutes, and that she has filed this litigation timely.

26. Plaintiff incorporates Paragraphs 1 through 25, inclusive, of the premises to this Complaint. She avers that she is entitled, under one or both of the statues above quoted, to the following damages:

a. Back pay from the time of her termination, June 21, 2022 to the date of the trial of this case. It is shown to the Court that on the date she was terminated, plaintiff's gross rate of pay per year was $56,160.00. It is, further, shown to the Court that, although plaintiff has begun

partially mitigating her damages by obtaining other employment, the pay grade is much less than what she made while in the employ of the defendant.

b. Plaintiff also avers that she is entitled to loss of future earnings or "front pay" from the date of her termination, June 22, 2022 to at least the date of her Social Security retirement age, with her full retirement age being 67 years of age.

c. Plaintiff, further, avers that she is entitled her reasonable attorney's fees plus the costs of this case.

PREMISES CONSIDERED, PLAINTIFF, THEREFORE, PRAYS:

1. That proper process issue and be served upon the defendant, requiring it to appear and answer this Complaint, but that its oath to its answer be, hereby, expressly waived.

2. That, upon the hearing on the merits, the Court determine that the defendant, in its termination of plaintiff, (a) violated the **Age Discrimination in Employment Act of 1967**, (b) violated the **American With Disabilities Act of 1990** and (c) explicitly find that any reason that it had for terminated plaintiff from the position for which she had worked so diligently with a spotless record, for thirty-four (34) years, was a bare -aced pretext.

3. That plaintiff be awarded her back pay in the sum of $56,160.00 per year from the date of her termination until the date of the trial of this case, reduced by any pay she may earn during that period in mitigation; front pay in that yearly amount from the date of trial of the case until age 67, reduced to present value; together with her reasonable attorney's fees and court costs.

4. That plaintiff be awarded such other, further and general relief to which she may be entitled.

BETTY ANN JONES

By;  _____
                Francis X. Santore, Jr., BPR#011315
                Of Counsel

SANTORE AND SANTORE
Attorneys at Law
P. O. Box 113
Greeneville, TN  37744-0113
423-639-3511
franksantoer@comcsat.net

Attorneys for Plaintiff

BETTY ANN JONES

By; _____
Francis X. Santore, Jr., BHR#011315
Of Counsel

SANTORE AND SANTORE
Attorneys at Law
P. O. Box 113
Greeneville, TN 37744-0113
423-639-3511
franksantoer@comcsat.net

Attorneys for Plaintiff



EAST TENNESSEE
**Children's Hospital**

March 10, 2022

Betty Jones
235 Choctan Dr.
Chuckey, Tennessee 37641

Dear Betty:

This letter will summarize information regarding your Extended Sick Leave (ESL) benefit. Our records indicate that your first day out was 12/08/2021. Our ESL plan provides full time employees 60% of their base pay if they are medically unable to work after 85 consecutive calendar days of absence (once PTO/PBS has been exhausted), due to an illness or injury. Your ESL period start date is 03/03/2022, as you have indicated and confirmed with us that you are still unable to return to work due to your medical condition.

I understand your FMLA leave time has been exhausted. Because you are still not able to work at this time, and because of the needs of the hospital, your department may need to fill your position. Although you will remain an ETCH employee during your ESL period, we will not be holding a specific job for you. When you are released to return to work, we will do our best to place you in an open position for which you are qualified. If we are unable to place you in any open position at the time you are released to return to work, your employment with ETCH would end.

If you continue to be unable to work due to your current medical condition, we will pay ESL (once your PTO/PSB is exhausted) until 06/06/2022, which would be your ESL period ending date. If you remain unable to return to work at that time, you will be eligible to apply for Long Term Disability through Hartford and your employment will end effective 06/07/2022. **Monthly medical status updates from your health care provider, confirming your inability to return to work, will be required for continuation of ESL (during the ESL period). Please have your provider fax these updates to Donna Ballenger at 865-541-8757. If we do not receive these updates, you will be contacted and ESL benefits will cease if there is no confirmation from your provider.**

When you are released to return to work with or without restrictions, please contact Cheryll Collins in Employee Health & Wellness at 865-541-8806. Cheryll will work with you to determine your ability to return to work. Once you are released by Employee Health & Wellness and if your position has been filled, we will refer you to Tracy Lang in our Employment Department. Tracy will assist in trying to place you in a job for which you are qualified. If you have any questions about your ESL benefits or anything else contained in this letter/email, please contact me as soon as possible at 541-8811. Best wishes.

Thank you,

*Donna Ballenger*

Donna Ballenger
Compensation and Benefits Specialist
East Tennessee Children's Hospital

2018 Clinch Avenue
Knoxville, TN 37916
www.etch.com
p. 865-541-8000

 Gmail

## ETCH Letter
2 messages

---

**Schmidt, Carter B** <CBSchmidt@etch.com>
To: "betsket@gmail.com" <betsket@gmail.com>

Wed, Jun 22, 2022 at 1:50 PM

---

Hi Betty,

Here is the letter confirming that the company will not attempt to challenge or dispute your claim for unemployment.

Thank you,

**Carter Schmidt**

HR Business Partner

East Tennessee Children's Hospital

Office: 865-541-8762

Fax: 865-541-8757



---------------------------
CONFIDENTIALITY NOTICE: This e-mail message is intended only for the
person or entity to which it is addressed and may contain confidential
material and/or information otherwise protected by law from disclosure.
Any unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender by
reply e-mail and destroy all copies of the original message, including
all attachments.

---

📄 **Betty Jones.pdf**
120K

---

**Schmidt, Carter B** <CBSchmidt@etch.com>
To: "betsket@gmail.com" <betsket@gmail.com>

*Exhibit B* —

Tue, Jun 28, 2022 at 9:03 AM

Betty, we are still awaiting your resignation letter. Could you please send to me for your file? Thank you!

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Nashville Area Office**
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/25/2023

**To:** Betty Jones
235 Choctaw Drive
Chuckey, TN 37641

Charge No: 494-2022-02984

EEOC Representative and email:  JENNIFER AGAN
Investigator
Jennifer.Agan@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 494-2022-02984.

On behalf of the Commission,

Digitally Signed By:Edmond Sims
04/25/2023

Edmond Sims
Acting District Director

**C:**
Tracy  Lang
East Tennessee Children's Hospital
2018 W CLINCH AVE
Knoxville, TN 37916

Frank X Santore
Santore & Santore
121 E. Depot St P.O. Box 113
Greeneville, TN 37743


Please retain this notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 494-2022-02984 to the District Director at Edmond Sims, 200 Jefferson Ave Suite 1400

Memphis, TN 38103.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.

# SANTORE & SANTORE

## ATTORNEYS AT LAW

### 121 E. DEPOT ST.

### GREENEVILLE, TENNESSEE 37743

SERVING THE PUBLIC AND THE PROFESSION SINCE 1965

FRANCIS X. SANTORE (1931-2004)

FRANCIS X. SANTORE, JR.

P.O. Box 113
(423) 639-3511
Fax (423) 639-0394

August 5, 2022

Ms. Deborah Walker
Regional Director, Nashville Office
EEOC
220 Athens Way, Suite 350
Nashville, TN 37228-9940

Ms. Faye Williams, Esq.
Regional Attorney, Nashville Office
EEOC
220 Athens Way, Suite 350
Nashville, TN 37228-9940

SENT VIA CERTIFIED MAIL, RETURN RECEIPT

IN RE: Complainant/My Client:    Ms. Bettty Jones
235 Choctaw Drive
Chuckey, TN 37641

Respondent:    East Tennessee Children's Hospital
2018 W. Clinch Avenue
Knoxville, TN 37916

Dear Ms. Walker and Ms. Williams:

This letter serves to notify the EEOC that I am representing Ms. Betty Jones in a potential age and disability discrimination claim against her former employer captioned above. I am writing this at Ms. Jones' request, she has reviewed same, and she attaches her affidavit that the allegations contained therein are true, to the best of knowledge, information and belief.

Ms. Jones had been employed by this particular employer for seventeen (17) years at its Greeneville Tennessee location. During her period of employment, she was employed at various times as a radiological technologist and, thereafter, a clinicsl lead/radiological technologist. Ms. Jones had a spotless record both at East Tennessee Children's Hospital and its predecessor which this respondent purchased, Greeneville Pediatric Clinic, where she had worked an addition seventeen (17) years previously in the same capacity. Ms. Jones holds her proper certification as a certified radiological technician, and this certification has never

been disturbed by any disciplinary action by the Tennessee , to my understanding, the certification agency for radiological technologists in this country, much like a certification or a diplomate would be granted in a specialty of medicine.

The trouble began in July 2021, when Ms. Jones, after having sustained a non work related injury, was placed on restricted light to sedentary duty by her treating physician, Dr. Joseph Hurst of Watauga Orthopedic Clinic in Johnson City, Tennessee. The restrictions under which Ms. Jones labored from that point until she went to have bilateral knee replacement surgery in two stages were as follows: she was restricted to sedentary duty, and would be unable to walk for lengthy distances or extended times, thus forcing her to forego her clinical rounds. During this period of time, she had to use a cane to assist her in walking.

The same restrictions were in place when Ms. Jones had the first of her two (2) knee surgeries, in December 2021. She had the surgery on December 8, 2021 and was discharged from the hospital the same day to return home for three (3) months. At that time, and because of Ms. Jones' inability to work, she took not only a combination of paid time off and short term disability benefits, but she was also forced by the respondent to take her FMLA. Thus, she was being compensated for her time off work by taking a combination of these three (3) types of leave.

In March 2022, Ms. Jones prepared to undergo surgery on the other knee. Ms. Jones underwent surgery on March 9. Previously, she had informed the respondent that she would probably return to work at a point approximately ninety (90) days post-surgery on the other knee, as this was consistent with the time she was off for her first surgery. In response thereto, respondent through its agent, Donna Ballinger, its compensation and benefits specialist, remitted Ms. Jones a letter, dated March 10, 2022. Key among the items that were set forth in this letter was the phrase, "because you are still not able to work at this time and because of the needs of the hospital, your department may need to fill your position. Although you will remain an ETCH employee during your ESL period, we will not be holding a specific job for you. When you are released to return to work, we will do our best to place you in an open position for which you are qualified. **IF WE ARE UNABLE TO PLACE YOU IN ANY OPEN POSITION AT THE TIME YOU ARE RELEASED TO RETURN TO WORK, YOUR EMPLOYEMENT WITH ETCH WOULD END."** **((emphasis added).**

Plaintiff was released to return to work by her treating orthopedic physician on May 31, 2022. She presented at the respondent's headquarters office in Knoxville, Tennessee. When she presented herself on that day, she received a clearance from the company nurse,

physically to return to work the same job (clinician/radiological technologist) that she filled successfully for the better part of thirty-four (34) years with respondent and its predecessor. However, although the nurse, Cheryll Collins, who, in the letter attached as an **Exhibit A** hereto, was the designated person in respondent's employee health and wellness office, had cleared her to return to work, she directed Ms. Jones to see to the Human Resources Department, where she was seen not by Tracy Long as pursuant to the letter, but by Donna Ballinger.

Upon arriving at Ms. Ballinger's office, Ms. Jones was told she had to reapply for the job she had held for years, and that either a Ms. Lang or Ms. Schmidt would get back in touch with her.

No one from respondent's office, however, reached out to Ms. Jones until the following week, when Ms. Schmidt called Ms. Jones and said that there were "changes that needed to be made to (Ms. Jones') position." Ms. Jones, after being informed of changes in the job, acquiesced to these changes. However, Ms. Jones had to reapply but not as a current employee, rather as a new employee, thus giving her lesser priority. After an interview, Ms. Jones called Ms. Schmidt on June 21, 2022 and was told that her position had been eliminated and was going to be filled by someone who now had an LPN, which Ms. Jones does not have. Ms. Jones was asked to fulfill the duties of an LPN in her new job; however, she informed the employer's agents that she would be in trouble with the Department of Health if she did so, for she were not a licensed nurse.

It is not coincidental that Ms. Jones date of birth is December 5, 1965, that she is 57 years of age, that she is in a protected class and that he person or persons, Kasey Buckner and Elizabeth Williams, who are now sharing Ms. Jones' job duties are, upon information and belief, under forty (40) years of age. It is also not coincidental that Ms. Jones was suffering from a severe orthopedic malady which, we believe, qualifies as a disability under the ADA. Finally, it is not coincidental that on June 22, 2022 at 1:50 p.m. Ms. Schmidt stated to Ms. Jones "Here's the letter confirming that the company will not attempt to challenge or dispute your claim for unemployment," thus proving that she was terminated and did not voluntarily resign. A copy of this email is attached hereto and incorporated herewith as **Exhibit B**.

We believe that East Tennessee Children's Hospital is an employer covered by the EEOC and is in violation of Federal age and disability anti-discrimination statutes. Ms. Jones has not been able to mitigate her out of pocket lost wages and she has suffered, or will suffer, past, present and future loss of wages, and the humiliation and embarrassment that goes along with it.

We look forward to hearing from your office regarding this matter. With kindest personal regards, we remain

Ms. Deborah Walker
Ms. Faye Williams
August 8, 2022
Page -4-

Yours truly,

SANTORE AND SANTORE

Francis X. Santore, Jr.

cc:  Ms. Betty Jones

**STATE OF TENNESSEE**

**COUNTY OF GREENE**

      **BETTY ANN JONES,** after having been duly sworn, deposes and says that the facts set forth above are true, to the best of her knowledge, information and belief.

_____
Betty Ann Jones

Sworn and subscribed before me this 3rd day of August, 2022.

My commission expires: 11-27-22 .

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | **494-2022-02984** |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev. etc.)* | Home Phone | Year of Birth |
|---|---|---|
| Betty Jones | (423) 972-3785 | 1965 |

Street Address

235 Choctaw Drive

Chuckey, TN 37641

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| EAST TENNESSE CHILDRENS HOSPITAL ASSN INC | Unknown Number Of Employees | |

Street Address

2018 W CLINCH AVE

KNOXVILLE, TN 37916

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Age, Disability, Retaliation | 03/01/2022 | 06/25/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |

9/28/2022     *Mrs. Betty [signature]*

Date       Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

9/28/22

ROSALIE BROOKS
STATE OF TENNESSEE
NOTARY PUBLIC
GREENE COUNTY
My Commission Expires 11-27-2022

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 494-2022-02984 |

| Tennessee Human Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

I was employed with the above-named employer as a Clinical Lead/Radiological Technologist. I have been employed with the company over seventeen years and the company employs more than twenty employees. Around May 31, 2022, I provided my employer with a release from my medical provider clearing me to return to work and was informed that I would have to apply for other open available positions that I qualified for. After I re-applied for my position, I was informed that the expectations of the position had changed and required more floor work, which I could not perform due to my medical restrictions. Around June 25, 2022, I was informed that my position had been eliminated and I was replaced by a younger individual. I believe that I have been discriminated against due to my age (57), disability, and retaliated against, in violation of the Age Discrimination in Employment Act of 1967 and the Americans with Disabilities Act Amendments Act of 2008.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 9/28/2022 *Date*     *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>11/27/22 |